**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD C. HENNESSEY, JR., | Civil Action |
| Plaintiff, | No. |
| v. | |
| DOLLAR BANK, FSB, | |
| Defendant. | JURY TRIAL DEMANDED |

**CIVIL COMPLAINT**

Plaintiff, Donald C. Hennessey, Jr., by undersigned counsel, files this Civil Complaint, and in support states the following:

**I. Jurisdiction**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(4) and 42 U.S.C. §1981 as amended by the Civil Rights Act of 1991, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4) Section 7 of the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1); 28 U.S.C. §§1331.

2. Plaintiff has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 because:

   a. Plaintiff filed a timely written charge of race and age discrimination with the Equal Opportunity Employment Commission on April 11, 2017 and requested the EEOC dual file with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated April 25, 2018;

   c. This action was filed with this Court within 90 days of receipt of that Notice.

## II. The Parties

3. Plaintiff, Donald C. Hennessey, is a Caucasian man who resides at 310 Pleasant Avenue, McMurray, PA 15317. Hennessey was 73 years old when Defendant fired him.

4. Defendant, Dollar Bank, FSB, is a corporation with its principal place of business at Three Gateway Center, Pittsburgh, PA 15222. At all times relevant, it was Hennessey's employer and an "employer" as defined by Title VII.

## III. Background

5. Hennessey worked for Defendant since June of 2000 and his last position was Senior Computer Operator.

6. During Hennessey's employment he was never disciplined and consistently received "Fully achieved expectations" or better performance ratings.

7. On January 26, 2018 Hennessey was called into a meeting without warning and fired.

8. Defendant told Hennessey he was being fired because he had hung a plush monkey with velcro hands off the overhead racks in his work space.

9. Defendant told Hennessey that some African American workers were offended by it and it was time he and the company parted ways.

10. The plush monkey was a decoration Hennessey had purchased from a Valentines Day display in a Wal-Mart.

11. The decision to terminate Hennessey was made before he entered the room and was asked to explain what the monkey was and why he had suspended it.

12. Defendant assumed the monkey decoration had a racial component to it and

2

was offensive because Hennessey is White.

13. Had Hennessey been Black and brought in a plush monkey and set it up to hang from its hands, as it was designed to do, Hennessey would not have been fired.

14. Defendant then lied to the Unemployment Compensation authorities and claimed Hennessey had hung the monkey from its neck with a rope in order to make my actions seem like they were a form of racial harassment.

15. Defendant subsequently admitted under oath that Hennessey had not hung the monkey by its neck with a rope despite its claim that he had.

16. Defendant's employees and supervisor would question Hennessey over when he planned to retire.

**Count I**
**42 U.S.C. § 1981**
**Racial Discrimination**

17. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 16 as if fully restated herein.

18. Defendant fired Hennessey because of his race, and therefore deprived him of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

19. Defendant's actions against Hennessey were undertaken with reckless indifference to Hennessey's federally protected right to make and enforce contracts irrespective of his race.

20. As a direct and proximate result of Defendant's discriminatory treatment Hennessey suffered the following injuries:

    a. Great mental anguish and emotional strain;

      b.      Loss of income and benefits; and

      c.      Humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

      a.      That Defendant be permanently enjoined from discriminating against Hennessey or retaliating against him because of his race;

      b.      That Defendant be required to compensate Hennessey for the full value of wages and benefits he would have received had it not been for Defendant's illegal treatment, with interest thereon;

      c.      That Hennessey be awarded compensatory and punitive damages in an amount to be determined at trial;

      d.      That Hennessey be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

      e.      That Hennessey be awarded such further relief as this Court deems to be just and proper.

### Count II
### ADEA

21.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 20 as if fully restated herein.

22.    Defendant fired Hennessey because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

23.    Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

      a.      That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b.    That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied before January 26, 2018;

    c.    That Defendant be required to reinstate Plaintiff's pension standing, including an uninterrupted reinstatement of his a seniority and vesting;

    d.    That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

    e.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    f.    That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

    g.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

    h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count III
### Title VII

24.    Plaintiff incorporates by reference the allegations in Paragraphs 1 to 23 as if fully restated herein.

25.    Defendant discharged and otherwise discriminated against Plaintiff because of his race in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A.

26.    Defendant's actions in firing Hennessey because of his race was undertaken

intentionally and with reckless indifference to Plaintiff's federally protected right to be free from discrimination in employment decisions because of his race.

27. As a result of Defendant's race discrimination against Plaintiff, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A against Defendant as follows:

   a. That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII.

   b. That Defendant be ordered to employ Hennessey to the position from which he was fired on January 26, 2018, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority

   c. That Defendant be required to compensate Plaintiff for the full value of wages and benefits Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest thereon until the date Plaintiff is offered employment into a position substantially equivalent to the one from which Defendant fired Hennessey on January 26, 2018.

   d. That Plaintiff be awarded compensatory and damages in an amount to be determined at trial.

   e. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney fee.

   f. That Plaintiff be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted,

**Rothman Gordon, PC**

/S/ Samuel J. Cordes
Samuel J. Cordes
John E. Black, III

Pa.I.D. #54874 (Cordes)
Pa.I.D. #83727 (Black)

310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA 15219
(412) 338-1166
Attorneys for Plaintiff